## (June 18, 1970)

■ ELLA S. BREGMAN, Respondent, v. NEW YORK CITY TRANSIT AUTHORITY et al., Appellants.— Order entered on January 6, 1970, granting plaintiff's motion for leave to file a notice of claim *nunc pro tunc* unanimously reversed, on the law and on the facts, without costs and without disbursements, and the motion denied. Plaintiff's accident occurred on February 1, 1969. The time to file a notice of claim expired May 2, 1969. On June 19 she applied to the court for leave to file a claim *nunc pro tunc* as of May 2 upon the ground that she was unable to file the claim due to her physical condition. The court denied the application with leave to renew upon a specific showing of disability. Unfortunately, her application now under review falls short of this requirement. Plaintiff was discharged from the hospital on or about February 21 and the discharge note stated she was in good condition and practically asymptomatic. Although she stayed at home, the latest date on which she was seen by a doctor appears to have been March 25. She does not meet the burden that her failure to consult counsel was due to any physical incapacity. Concur — Capozzoli, J. P., Markewich, Nunez and Steuer, JJ.

■ In the Matter of the Estate of MARY C. O'ROURKE, Deceased. GRACE B. KOCHERSBERGER et al., Appellants; VIOLETTE MARLEY et al., Respondents.— Decree entered January 5, 1970, unanimously modified, on the law and on the facts, to add to the allowance to counsel the sum of $600 as reimbursement for the fee of an accountant, with $50 costs and disbursements to all parties filing briefs, payable out of the estate, and otherwise affirmed. In the circumstances disclosed, we regard such fee as a proper expense. Concur — Eager, J. P., Capozzoli, McGivern and Markewich, JJ.